# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ETHAN LEFFLER,**
   *By the guardian of his estate, Jill Leffler,*
**and JILL LEFFLER,**

                            **Plaintiffs,**

**and**

**DELTA DENTAL OF WISCONSIN, INC.
and STATE OF WISCONSIN,**

                         **Involuntary Plaintiffs,**

          v.                                                  Case No. 25-CV-822

**MILWAUKEE PUBLIC SCHOOLS, et al.,**

                            **Defendants.**

---

## DECISION AND ORDER

---

## 1. Background

Pending before the court is the defendants' motion to dismiss all claims. (ECF No. 10.) At this stage, the court accepts all well-pled facts as true and so summarizes the following facts from the plaintiffs' complaint. (ECF No. 1-2.)

In April 2024, Ethan Leffler was a student at Bay View High School within the Milwaukee Public School District. (ECF No. 1-2, ¶¶ 9, 10.) Ethan has an intellectual disability. (*Id.*, ¶ 11.) Ethan suffered injuries at the hands of another student on the school premises in front of two of the school's security employees, defendants Helen Neal and Sarina Gidarisingh. (*Id.*, ¶¶ 13–40.) Ethan requires ongoing medical and dental treatment for his injuries. (*Id.*, ¶ 40.) Ethan's mother, Jill Leffler, misses work to care for her son. (*Id.*, ¶ 41.)

Ethan and Jill Leffler filed suit in state court against Milwaukee Public Schools (MPS), Neal, and Gidarisingh. (ECF No. 1-2, ¶¶ 5–7.) The plaintiffs also named AA Insurance Company, a fictitious entity, as a yet-to-be-identified defendant for providing liability insurance to the other named defendants. (*Id.*, ¶ 8.) Delta Dental of Wisconsin and the State of Wisconsin were named as involuntary plaintiffs that may have paid healthcare benefits for services rendered in connection with this case. (*Id.*, ¶¶ 3–4.) Delta Dental has since filed a claim and crossclaim asserting its right to reimbursement. (*See* ECF No. 7.) The State of Wisconsin filed a motion requesting to be dismissed from this lawsuit because it wishes to release and discharge its subrogation lien resulting from a claim under Wis. Stat. § 49.89(2). (ECF No. 26.) Given the State's election not to pursue its subrogated interest and the lack of objection from the remaining parties, the court will grant the State's motion to be dismissed from this action.

The defendants removed the case to federal court. (ECF No. 1.) The defendants filed a motion to dismiss all claims for lack of personal jurisdiction, insufficient service of process, and failure to state a claim under Federal Rules of Civil Procedure 12(b)(2), (5), and (6), respectively. (ECF No. 10.) All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 9, 15, 17, 29)[1] and the matter is ready for resolution.

**2. Motion to Dismiss Standard**

A motion to dismiss under Rule 12(b)(2) challenges the court's personal jurisdiction over a named defendant. Fed. R. Civ. P. 12(b)(2). When the court decides a Rule 12(b)(2) motion based on the submission of written materials, "the plaintiff bears only the burden of making a prima facie case for personal jurisdiction." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392–93 (7th Cir. 2020) (citation omitted). In determining whether the plaintiff has met its burden, the court may rely on the complaint and any affidavits submitted on the issue, resolving any relevant factual conflicts in the plaintiff's favor. *See id.*

Under Rule 12(b)(5), "[a] defendant may enforce the service of process requirements through a pretrial motion to dismiss." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Id.* If the court finds that

---

[1] The defendant insurer will have the opportunity to consent to magistrate judge jurisdiction once identified.

the plaintiff has not properly served a defendant and lacks good cause for failing to do so, the court must either dismiss the action against any defendant who was not properly served or specify a deadline by which the plaintiff must serve the defendant. *Id.* (citing Fed. R. Civ. P. 4(m)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The purpose of a motion to dismiss [under Rule 12(b)(6)] is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). "When analyzing its sufficiency, the Court construes a complaint in the light most favorable to the plaintiff, accepts well-pleaded facts as true, and draws all inferences in the plaintiff's favor." *Five Star Airport All., Inc. v. Milwaukee Cnty.*, 939 F. Supp. 2d 936, 937 (E.D. Wis. 2013) (citing *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011)). "The movant bears the burden of proving that the complaint fails to state a claim for relief." *Id.* (citing *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990)).

## 3. Analysis

### 3.1. Properly Named Entity

The defendants argue that MPS is "not a suable entity" because the Wisconsin statutes provide that the Milwaukee Board of School Directors (the Board) is the legal entity responsible for establishing and maintaining Milwaukee's public schools. (*See* ECF No. 11 at 3 (citing Wis. Stat. § 119.16(1m)).) The court agrees that MPS is not a suable entity because the Board is responsible for the district and only it may be sued. *See Kleckley v. Milwaukee Pub. Sch.*, 20 F. Supp. 2d 1264, 1266 (E.D. Wis. 1998)).

Errors in naming the proper defendant, in the context of a school district and its board of directors, are routinely addressed through constructive amendment of a complaint. *See Kuether v. Posley*, No. 23-CV-948, 2024 WL 3026518, at *2, 2024 U.S. Dist. LEXIS 106893, at *4 (E.D. Wis. June 17, 2024) (reconstruing complaint against MPS as being against the Board); *Williams v. Milwaukee Bd. of Sch. Dirs.*, No. 19-CV-80-PP, 2025 WL 973527, at *1 n.1, 2025 U.S. Dist. LEXIS 61982, at 1 n.1 (E.D. Wis. Mar. 31, 2025) (same); *Arrasheed v. Bd. of Educ. City of Chi.*, No. 19-CV-7614, 2022 WL 17583754, at *1 n.1, 2022 U.S. Dist. LEXIS 223209, at *2 n.1 (N.D. Ill. Dec. 12, 2022) (substituting the Board of Education of the City of Chicago as the Defendant because the Chicago Public Schools is not a suable entity under state law).

The defendants do not allege that they faced any particular challenge or failed to receive notice of the lawsuit as a result of the naming error. Therefore, the court will

reconstrue the plaintiffs' complaint as having been brought against the Board and substitute the proper defendant. The defendants' motion will be denied with respect to the legal naming error.

### 3.2. Service of Process

The defendants argue that the plaintiffs failed to properly serve process of this suit. (ECF No. 11 at 3–4.) Wisconsin law provides that a summons and complaint must be served on both the Board president and the superintendent of schools. Wis. Stat. § 119.12(2). The defendants acknowledge that MPS's Board president was served but contend the plaintiffs made no attempt at service on the superintendent. (ECF No. 11 at 4.)

The plaintiffs disagree with the defendants' reliance on Wisconsin Statute § 119.12(2). (ECF No. 19 at 3–4.) They contend that Wisconsin Statute § 801.11(4)(a)(6) requires service only on "the president or clerk thereof" to properly serve a school district in Wisconsin. (ECF No. 19 at 3.) The plaintiffs contrast this case with *Coleman v. Milwaukee Board of School Directors*, 290 F.3d 932, 933 (7th Cir. 2002), in which the Seventh Circuit Court of Appeals affirmed the dismissal of a lawsuit for failure to timely serve the board president and superintendent of the schools under Wisconsin Statute § 119.12(2). (ECF No. 19 at 4.) The plaintiffs assert that *Coleman* involved a plaintiff whose claims related directly to the actions of the school board because MPS employed the individual

defendants, unlike this case where the claims against the Board arise under respondeat superior. (ECF No. 19 at 4.)

The plaintiffs' distinction is inconsequential because the state statute does not specify any limitation on the types of claims that spark the dual service requirement. *See* Wis. Stat. § 119.12(2). The statute clearly states that the service procedure applies "in any action or proceeding in which the Board is a defendant." *Id.* Because the court has determined that the Board is a properly named defendant, service should have occurred on both the Board president and the superintendent.

Rule 4(m) requires defendants to be served within ninety days after the complaint is filed. Although that time has passed in this case, the court *must* extend the time for service if the plaintiff shows good cause for failure to meet the deadline (*see* Fed. R. Civ. P. 4(m)), and the court *may* extend the time for service in the case of excusable neglect. *See Coleman*, 290 F.3d at 934.

Without specifically invoking good cause or excusable neglect, the plaintiffs request an extension of time to serve the superintendent if the court finds such service is required. (ECF No. 19 at 4.) In support, they argue that the statute of limitations has not run on this claim and there is no prejudice to the Board or any other party by providing additional time. (*Id.*) The defendants claim that the plaintiffs have not established good cause or excusable neglect for failing to serve the complaint on the superintendent. (ECF No. 21 at 2.)

"Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman*, 290 F.3d at 934 (citations omitted). "To find 'excusable neglect,' courts should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). The plaintiffs' argument falls in line with the factors for excusable neglect, so the court will consider the extension accordingly. (*See* ECF No. 19 at 4.)

The plaintiffs' reason for the delay is obvious from the nature of the briefing on this motion to dismiss. They believed that the school district was the proper defendant and followed the corresponding statute regarding service of process upon MPS. (*See* ECF No. 19 at 3 (citing Wis. Stat. § 801.11(4)(a)(6)).) The plaintiffs' misunderstanding was not unreasonable given the school district's internal and external representations. (*See* ECF No. 20-11 (reflecting MPS on a list of schools' legal names); ECF Nos. 20-12, 20-13 (personnel letters to Neal and Gidarisingh on MPS letterhead); ECF No. 20-14 (reflecting MPS on the public website).

Now that the court has corrected the legal naming error, the plaintiffs should be afforded an opportunity to comply with the service requirements on the Board. MPS has not pointed to any prejudice, and it received actual notice of the claim and this lawsuit. (*See* ECF Nos. 20-1, 20-2, 20-10.) The delay is also not substantial enough to warrant

dismissal—both because the case is still in its early stages and because re-filing within the statute of limitations would be an inefficient use of resources.

For these reasons, the court finds that the plaintiffs have demonstrated excusable neglect and will give them additional time to serve the superintendent. The defendants' motion will be denied with respect to service of process.

### 3.3. Stating a Claim under the ADA and § 504 of the Rehabilitation Act

The defendants argue that the plaintiffs have failed to state a claim under Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act. (ECF No. 11 at 4–5.) The defendants' arguments are unique to each statute and type of defendant, so the court will address each in turn.

With respect to Neal and Gidarisingh, the defendants argue that natural persons in their individual capacities are not proper defendants under the ADA or the Rehabilitation Act. (ECF No. 11 at 4–5.) The court agrees that defendants cannot be sued in their individual capacities under either statute. *See Cesca v. W. Illinois Univ. Bd. of Trs.*, 716 F. Supp. 3d 696, 705 (C.D. Ill. 2024) ("ADA claims against individual defendants in their individual capacity must fail because the Act authorizes suits only against public entities. … Similarly, the Rehabilitation Act precludes claims against Defendants in their individual capacities.") (citing *Brewer v. Wis. Bd. of Bar Examiners*, 270 F. App'x 418, 421 (7th Cir. 2008)). Therefore, the court concludes that Neal and Gidarisingh are improper

defendants and will grant the motion to dismiss the ADA and Rehabilitation Act claims with respect to these two individuals.

In the ADA context, the defendants acknowledge that MPS is a public entity but repeat their prior arguments that it is not a suable entity and that the plaintiffs failed to properly effectuate service. (ECF No. 11 at 5.) Because the court already addressed these arguments in the plaintiffs' favor, the defendants have not provided any independent basis for failure to state a claim against the Board under the ADA. Therefore, the court will deny the motion to dismiss the ADA claim with respect to the Board.

The defendants also argue that the plaintiffs fail to state a claim under § 504 of the Rehabilitation Act against the Board because the complaint does not indicate that the Board received federal funds. (ECF No. 11 at 5.) The plaintiffs do not address this contention but maintain that they have adequately pled sufficient facts to state a claim. (*See* ECF No. 19 at 6–7.)

Two unreported cases from this district reached different conclusions regarding the requirement to plead receipt of federal funding. *Compare Kelsay v. Wis. State Pub. Def.*, No. 20-CV-1712-PP, 2022 WL 889389, at *6, 2022 U.S. Dist. LEXIS 53913, at *19 (E.D. Wis. Mar. 25, 2022) (ordering the plaintiff to file an amended complaint if he wished to proceed with the lawsuit and, if he had reason to believe the defendant received federal funds, allege his reasoning in the amended complaint), *with Cox v. Froedtert Health, Inc.*, No. 17-C-1370-LA, 2018 WL 8264494, at *1–2, 2018 U.S. Dist. LEXIS 108170, at *3 (E.D. Wis. June

28, 2018) (denying a motion to dismiss even though the complaint failed to allege the receipt of federal funds).

The contrasting treatment likely arose because the successful motion to dismiss involved an otherwise deficient complaint that required other additional facts to state a discrimination claim, whereas the unsuccessful motion targeted a complaint that adequately pled a discrimination claim (except for the federal funding element). The defendants in this case focus only on the federal funding element and do not otherwise challenge the elements of the plaintiffs' discrimination claim. (*See* ECF No. 11 at 4–5.) Although the defendants alleged in their reply brief that the plaintiffs' complaint lacked causation (ECF No. 21 at 3), "arguments made for the first time in a reply brief are waived." *Reese v. Krones, Inc.*, 811 F. App'x 371, 372 (7th Cir. 2020).

Beyond the intra-district conflict, published case law within the Seventh Circuit reflects that a plaintiff must allege the defendant receives federal funding to state a discrimination claim under the Rehabilitation Act. *See Brown v. 1995 Tenet ParaAmerica Bicycle Challenge*, 959 F. Supp. 496, 499 (N.D. Ill. 1997). The court may not resolve disputes of fact regarding the nexus between the federal funding and the defendant at the motion to dismiss stage. *See Byers v. Rockford Mass Transit Dist.*, 635 F. Supp. 1387, 1390 (N.D. Ill. 1986) ("As long as some federal funding is alleged then, the program specificity issue is more properly the subject of a summary judgment motion."). But some nexus must be alleged. *See id.*

Therefore, the court will grant the defendants' motion to dismiss the Rehabilitation Act claim against the Board with the caveat that the plaintiffs may file an amended complaint addressing this funding issue if they have reason to believe that a defendant received federal funds rendering it subject to the Rehabilitation Act.

### 3.4. Compliance with Wis. Stat. § 893.80(1d)(b)

The defendants argue that the state law negligence claim should be dismissed because the plaintiffs failed to comply with Wisconsin Statute § 893.80(1d)(b). (ECF No. 10 at 5–6; *see also* Wis. Stat. § 118.26 (requiring claimants to comply with § 893.80 in order to bring an action against a school district, except for certain excepted actions inapplicable here).) Under § 893.80(1d)(b), claimants must present an itemized statement of the relief they seek "to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant fire company, corporation, subdivision or agency."

The defendants claim that the plaintiffs never filed an itemization of the relief they seek with the Board. (*See* ECF No. 10 at 6; *see also* ECF No. 21 at 1–2 (contending in their reply brief that the itemization should have been presented to the "Office of Board of Governance").) The plaintiffs respond that they served a written itemization of their claim, dated September 30, 2024, on the office of the Board president on October 8, 2024. (ECF No. 19 at 2–3 (citing ECF No. 20-5 (affidavit of service).) They point out that MPS clearly provided this itemization to its claims adjusting company, Gallagher Bassett, because the company contacted the plaintiffs' counsel acknowledging the "demand letter

dated 9/30/24" and extending a settlement offer on October 7, 2024. (ECF No. 19 at 2–3 (citing ECF No. 20-6 (copy of email from Gallagher Bassett).)

Apparently there is a typo regarding either the date on which the plaintiffs served their written itemization or the date on which the claims adjusting company extended a settlement offer (the claims adjusting company obviously could not provide a settlement offer on October 7 in response to a demand letter that was not served until October 8). In any event, the defendants do not dispute that they presented a settlement offer in response to the demand letter. (*See* ECF Nos. 10, 21.)

Moreover, "'substantial compliance' rather than strict compliance is and always has been the standard for considering whether a notice complies with Wis. Stat. § 893.80(1d)(a) and (b)." *Townsend v. Neenah Joint Sch. Dist.*, 856 N.W.2d 644, 651 (Wis. Ct. App. 2014). Wisconsin courts apply different standards for establishing substantial compliance with subsections (a) and (b). In the context of subsection (a), the plaintiffs' compliance with which the defendants do not dispute, actual notice and lack of prejudice permit a claim to survive. *See id.* (observing that "actual notice and lack of prejudice are an alternative to the written notice for subsec. (a) but not for subsec. (b)"). With respect to subsection (b), Wisconsin courts analyze the itemized notice for substantial compliance with the four statutory requirements: (1) that the notice stated each claimant's name and address, (2) itemized the relief sought, (3) was presented to the appropriate clerk, and (4)

13

was disallowed by the governmental body in question. *Id.* (citing *Thorp v. Town of Lebanon*, 612 N.W.2d 59 (Wis. 2000)).

Here, the plaintiffs' notice stated two claims: one for Ethan Leffler in connection with his medical damages and another for Jill Leffler based on the unpaid leave she had to take from work while caring for her son. (ECF No. 20-4 at 2–3.) The notice identified each claimant by name and stated their shared address, thereby complying with the first requirement of subsection (b). (*See id.* at 1.) The notice also itemized the claims by distinguishing between the two claimants and identifying the total amount of Ethan's medical bills, thereby complying with the second requirement. (*See id.* at 2–3.)

According to the plaintiffs' brief and notarized affidavit of service, they served the itemized notice in the office of the Board president via the administrative assistant and authorized recipient. (ECF No. 19 at 2–3 (citing ECF No. 20-5 (affidavit of service)).) The defendants do not provide any context for their contention that the notice should have instead been served on the "Office of Board of Governance." (ECF No. 21 at 1–2.) Given the dearth of contrary specification, the court concludes that service upon the Board president substantially complied with the statutory requirement to serve the appropriate clerk.

Finally, subsection (b) requires that the governmental body disallow the claim before the claimant files suit. Wis. Stat. § 893.80(1d)(b). The record does not reflect that the Board explicitly "disallowed" the claim, although it did provide a settlement offer.

(*See* ECF No. 20-6.) The fact that the defendants engaged in settlement negotiations suggests that the Board intended to disallow the claim, at least in its full request. *See Estate of Swayzer v. Milwaukee Cnty., et al.*, No. 16-CV-1703-BHL, 2022 WL 656884, at *22, 2022 U.S. Dist. LEXIS 38326, at *72–73 (E.D. Wis. Mar. 4, 2022) (observing "that substantial compliance with the disallowance requirement is only found where the plaintiff identifies some action taken by the defendant that effectively communicated intent to disallow the claim").

The settlement offer further confirms that the plaintiffs achieved the "primary purpose" of subsection (b), which is to give the defendant "the opportunity to compromise and settle a claim, thereby avoiding costly and time-consuming litigation." *Clark v. League of Wisconsin Municipalities Mut. Ins. Co.*, 959 N.W.2d 648, 653 (Wis. Ct. App. 2021) (quoting *Yacht Club at Sister Bay Condo. Ass'n, Inc. v. Vill. of Sister Bay*, 922 N.W.2d 95, 99 (Wis. 2019)). On this record, the court concludes that the plaintiffs demonstrated substantial compliance with the disallowance element of subsection (b).

Because the plaintiffs have substantially complied with all four requirements set forth in Wisconsin Statute § 893.80(1d)(b), the court will deny the defendants' motion to dismiss for lack of compliance.

### 4. Conclusion

**IT IS THEREFORE ORDERED** that the State of Wisconsin's motion to be dismissed from this action (ECF No. 26) is **GRANTED.**

IT IS FURTHER ORDERED that the defendants' motion to dismiss (ECF No. 10) is **GRANTED IN PART AND DENIED IN PART** as set forth in this decision.

The Clerk of Court is directed to **substitute** the Milwaukee Board of School Directors as the defendant in place of Milwaukee Public Schools.

The plaintiffs may have an additional **twenty-one days from the date of this order** to effectuate service on the superintendent in compliance with Wisconsin Statute § 119.12(2).

The plaintiffs may file an amended complaint within **twenty-one days from the date of this order** for the limited purpose of addressing the federal funding issue set forth herein.

Defendants Helen Neal and Sarina Gidarisingh are **dismissed** only with respect to the plaintiffs' claims under the ADA and the Rehabilitation Act.

Dated at Milwaukee, Wisconsin this 4th day of December, 2025.

WILLIAM E. DUFFIN
U.S. Magistrate Judge